IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ERIC THOMAS HURD,                           )
                                            )
    Petitioner,                             )
                                            )
v.                                          )   Case No. CIV-16-245-F
                                            )
JUDGE PHILLIP CORLEY, (Payne County),       )
PAYNE COUNTY DISTRICT ATTORNEY,             )
PAYNE COUNTY SHERIFF,                       )
                                            )
    Respondents.                            )

## REPORT AND RECOMMENDATION

Petitioner, appearing pro se, is a state pretrial detainee currently incarcerated at the Payne County Jail, in Payne County, Oklahoma. He brings this action pursuant to 28 U.S.C. § 2241 and challenges the validity of pending state charges and his detention in the county jail.[1] This matter has been referred by United States District Judge Stephen P. Friot for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). On preliminary review of the Petition, *see* Rules 1(b) and 4, Rules Governing Section 2254 Cases in the United States District Courts, and for the reasons set forth below, it is recommended that the Petition be dismissed.

## I.    Background

Petitioner alleges that he is a registered sex offender but has never committed any wrongful acts against a minor. Petitioner alleges that in May 2015, the Payne County District

---

[1] Where a state pretrial detainee challenges pending state criminal proceedings, the federal habeas claims are governed by 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (the general grant of habeas authority set forth in 28 U.S.C. § 2241 applies to challenges involving pretrial detention of a state court defendant); *Yellowbear v. Wyoming Attorney General*, 525 F.3d 921, 925 (10th Cir. 2008) (pretrial detention can be challenged through a habeas petition brought under 28 U.S.C. § 2241).

Attorney filed a felony charge against him for "attempt to entice a minor under the age of sixteen with intent to commit any crime." *See* Petition at p. 1, ¶ 2. Petitioner claims thereafter, the State untimely filed amended charges against him for "attempt to entice a minor under [the] age [of sixteen] with intent to commit a lewd act." *Id*.

Petitioner challenges the sufficiency of the evidence presented at the preliminary hearing and states that on approximately February 10, 2016, he sent a motion to the Payne County Court Clerk seeking dismissal of the charges. At the time he filed the instant action, on March 14, 2016, Petitioner states that he did not yet know whether the motion had been filed or whether he would be granted a hearing on the motion. *See id*. at p. 1, ¶ 2. He contends the charging complaint is void and the Payne County District Court lacks jurisdiction over the matter. *See id*. at p. 1, ¶ 3.

Petitioner also alleges that in May 2015, the Payne County District Attorney filed wrongful charges against him in Case No. CF-2015-308. *Id*. at p. 1, ¶ 4. According to Petitioner, the Stillwater police have harassed him, conducted an unlawful search of his vehicle and home, and discovered a "small bag with ice residue." *Id*. at pp. 1-2, ¶ 4. He claims he has been wrongfully charged with possession of a controlled dangerous substance. *Id*. at p. 2, ¶ 4. At the time of filing the instant Petition, he alleges he has not been given an "adequate state forum" or "meaningful access to the courts." *Id*.

As relief, Petitioner requests that this Court order his immediate release from the custody of the Payne County Sheriff and that the charges in Case Nos. CF-2015-308 and CF-2015-309 be dismissed with prejudice. *Id*. at p. 2.

Petitioner has submitted subsequent filings [Doc. Nos. 8,9] in which he makes further allegations regarding the circumstances giving rise to the filing of the Payne County criminal

charges and also challenging the conditions of his confinement at the Payne County Jail. The Court has considered these additional allegations to the extent they relate to his claim for federal habeas corpus relief. Any constitutional challenge to the conditions of his confinement, however, is not cognizable in this habeas corpus action and instead must be brought in a civil rights action pursuant to 42 U.S.C. § 1983. *See Palma–Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("[A] prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. . . . In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action.").

The Court takes judicial notice of the dockets in the two criminal cases pending in Payne County.[2] The docket in Case No. CF-2015-308 reflects that Petitioner was charged with Violation of Sex Offender Registration, Sex Offender Residing Within 2,000 Feet of School, Possession of a Controlled Dangerous Substance and Possession of Paraphernalia. The docket further reflects that Petitioner most recently filed a motion to dismiss on March 22, 2016 and a hearing was conducted on March 25, 2016. Petitioner's motion was denied following that hearing and the matter has been set for trial on May 16, 2016.

Similarly, the docket in Case No. CF-2015-309 reflects that Petitioner was charged with Asking, Inviting or Enticing a Child Under the Age of Sixteen with Lewd Acts, After Former Conviction of a Felony. The docket further reflects that Petitioner most recently filed a motion to dismiss on March 8, 2016 and after a hearing on March 25, 2016, the motion was denied. Petitioner's trial is set for May 16, 2016.

---

[2] The dockets are available at http://oscn.net.

## II. Discussion

### A. Petitioner Has Not Demonstrated Exhaustion of State Court Remedies

It is well-established that the exhaustion requirement applies to habeas petitions brought pursuant to § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-91 (1973). As the Tenth Circuit has held, "[w]hether exhaustion requires the petitioner to stand for trial prior to habeas corpus relief depends upon the nature of the remedy sought." *Capps v. Sullivan*, 13 F.3d 350, 353 (10th Cir. 1993). Where, as here, the remedy sought is a request to "dismiss an indictment or otherwise prevent a prosecution" such relief "is normally not attainable by way of pretrial habeas corpus[.]" Petitioner has not demonstrated exhaustion of state court remedies. Although he has raised issues before the state district court, his criminal trials remain pending and he can pursue further relief, if necessary, before the Oklahoma Court of Criminal Appeals.[3] Dismissal of the Petition, therefore, is warranted.

### B. Younger Abstention Further Requires Dismissal of the Petition

Because Plaintiff is a pretrial detainee subject to ongoing state criminal proceedings, this Court must abstain from exercising jurisdiction over this matter under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).[4] Federal court abstention is required when three conditions are met: (1) there are ongoing state proceedings; (2) the state proceedings provide an adequate forum to hear Petitioner's federal claims; and (3) the state proceedings implicate important state interests. *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006).

---

[3] Petitioner could challenge any conviction through either a direct appeal, or an application for post-conviction relief. *See* Okla. Stat. tit. 22, §§ 1051, 1080. Petitioner also has a remedy available to him through a state petition for writ of habeas corpus. *See* Okla. Stat. tit. 12, § 1331; Rule 10.1, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App.

[4] It is proper to raise the issue of *Younger* abstention sua sponte. *See Morrow v. Winslow*, 94 F.3d 1386, 1392 (10th Cir. 1996).

It is abundantly clear that Petitioner's claims relate to ongoing state criminal proceedings. Furthermore, the State of Oklahoma has an important interest in prosecuting crimes that have allegedly occurred within its jurisdiction. And, notwithstanding Petitioner's conclusory allegations to the contrary, he has an adequate forum for his federal claims in his state proceedings. A review of the Payne County District Court docket in each of the respective pending criminal cases shows that his motions to dismiss have been filed, set for hearing and addressed by the district court judge. And, trials are pending in both cases. As a matter of comity, this federal court must not interfere with the state proceedings. *See Younger*, 401 U.S. at 45.

There are three narrow exceptions to Younger abstention: (1) "proven harassment," (2) a "prosecution[ ] undertaken by state officials in bad faith without hope of obtaining a valid conviction," or (3) "extraordinary circumstances" that involve irreparable injury. *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). The court considers certain factors in assessing whether a state prosecution has been commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). A petitioner must do more than set forth mere allegations of bad faith or harassment and instead must satisfy a "heavy burden" to overcome the bar of Younger abstention. *Id*.

Petitioner claims that his status as a registered sex offender has resulted in harassment and the filing of the criminal charges. These allegations, standing alone, fail to satisfy Petitioner's heavy burden. Sex offenders are not a suspect class. *See Lustgarden v. Gunter*, 966

F.2d 552, 555 (10th Cir. 1992); *see also Riddle v. Mondragon*, 83 F.3d 1197, 1207 (10th Cir. 1996) (accord). And, Petitioner is required to demonstrate "both the existence of a substantial number of prosecutions and that a reasonable prosecutor would not have brought such multiple charges under similar circumstances." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir. 1995). The Petition is void of allegations demonstrating Petitioner has been subjected to multiple prosecutions. *See id.* ("While the threshold test does not require a specific number of prosecutions, it is clear that the number of prosecutions must reach an oppressive level."). Moreover, the fact that the accused may have to stand trial is insufficient to establish irreparable injury. *See Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977) ("As the Court said in Younger, the fact the accused may have to stand trial is not an 'irreparable injury' . . . .") (citation omitted). In sum, nothing on the face of the Petition supports a finding that absent federal court intervention, Petitioner will suffer irreparable injury. Accordingly, the presumption in favor of abstention applies and the Petition should be dismissed.

## RECOMMENDATION

It is recommended that the Petition [Doc. No. 1] be summarily dismissed without prejudice to refiling. It is further recommended that if this Report and Recommendation is adopted, Petitioner's Request for Judicial Notice of Law and Motion for Federal Investigation [Doc. No. 7] be denied as moot.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by April 20, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to

this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The Clerk of Court is directed to transmit a copy of this Report and Recommendation to the named Respondents for informational purposes.

### STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

ENTERED this 30th day of March, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE