# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ERIC THOMAS HURD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-16-0245-F |
| | ) | |
| JUDGE PHILLIP CORLEY (Payne County), PAYNE COUNTY DISTRICT ATTORNEY, PAYNE COUNTY SHERIFF, | ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

This action seeks habeas relief under 28 U.S.C. § 2241. Petitioner appears *pro se*, and his pleadings are liberally construed.

Having conducted a preliminary review, Magistrate Judge Bernard M. Jones entered his Report and Recommendation in this matter on March 30, 2016, recommending that the petition be summarily dismissed without prejudice. Doc. no. 11. Among other things, the Magistrate Judge concluded that it is clear petitioner's claims relate to ongoing state criminal proceedings, and that petitioner has not exhausted his state court remedies with respect to those claims.

Petitioner objected to all of the Magistrate Judge's recommended findings and conclusions. Doc. no. 14. The objections state that the Report and Recommendation is not factual and is not grounded in truth according to the facts of the case, as shown by the court records cited by the Magistrate Judge. *Id.*, p. 1.

Nothing argued in the objections indicates that the Magistrate Judge incorrectly evaluated this action. After *de novo* review of all issues covered in the Report and Recommendation, the court agrees with the Magistrate Judge's evaluation of the

issues and facts, and concludes that nothing would be gained by setting forth any further analysis here. Accordingly, the Report is **ACCEPTED, ADOPTED** and **AFFIRMED**. As recommended in the Report, the petition is **DISMISSED** without prejudice to re-filing.

As recommended in the Report and Recommendation, petitioner's Request for Judicial Notice of Law and Motion for Federal Investigation, doc. no. 7, is **DENIED** as moot. Petitioner's two motions seeking injunctive relief, doc. nos. 12, 13, are also **DENIED** as moot.

The Rules applicable to proceedings under 28 U.S.C. § 2254 provide that the district court may apply those rules in other habeas matters. *See*, Rules Governing Habeas Cases Under § 2254. Rule 11 of those rules, which the court applies in these § 2241 proceedings, requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Movant is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Petitioner has not made the requisite showing, and a certificate of appealability is **DENIED**.

Dated this 26th day of April, 2016.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

16-0245p001.wpd